LEWIS HATCH

v.

ROBERT WEGG.

PRACTICE—FILING RECORD IN TIME—STIPULATIONS OF PARTIES.—An appellant must file his record in this court within the first two days of the first term succeeding that at which the judgment was rendered, or the appeal will be dismissed. The statute is peremptory and must be complied with, and this court cannot recognize stipulations of counsel that the case may be heard the same as if the record had been properly filed.

APPEAL from the Circuit Court of McHenry county; the Hon. C. W. UPTON, Judge, presiding. Opinion filed February 3, 1880.

Mr. B. N. SMITH, for appellant; that the finding of the arbitrators has the same binding effect as a judgment of a court, cited Hadaway v. Kelly, 78 Ill. 286.

Mr. O. H. GILMORE, for appellee; cited Burrows v. Guthrie, 61 Ill. 70; 1 Greenleaf's Ev. 286.

PILLSBURY, P. J.    On the 24th day of January, 1879, the appellee recovered a judgment for $12.90 in the Circuit Court of McHenry county, and the appellant prayed for and obtained an appeal to this court.

The appeal bond and bill of exceptions were filed in March following, but the transcript of the record was not filed in this court until Oct. 6, 1879, long after the June term of this court.

The statutes then in force provided that " Authenticated copies of records of judgments, orders and decrees appealed from, shall be filed in the office of the clerk ofthe Supreme Court, or Appellate Court, as the case may be, on or before the second day of the succeeding term of said courts.  Provided, twenty days shall have intervened between the date of the judgment, order or decree appealed from, and the sitting of the court to which the appeal shall be taken,  *  *  *  *  *  *  otherwise the said appeal shall be dismissed, unless further time to file the same shall have been granted by the court to which said appeal shall have been taken, upon good cause shown.  Sess. Laws, 1877, p. 150, sec. 72.

Under this statute it was obligatory upon appellant to file his record in this court, at the June term thereof, or within the first two days of that term, to obtain an extension of time in which the same could be filed.  Adams v. Robertson, 40 Ill. 40; and as he did not do so, his appeal must, under the command of the statute, be dismissed.  The stipulation of the parties that the case may be heard upon appeal at the December term of this court, cannot be recognized of any validity, as the statute is peremptory that the appeal " shall be dismissed," if its conditions are not complied with in filing the record.

The statute is our guide, and we prefer to follow it even if we, in doing so, ignore the desire of the parties, as expressed in their agreement.

The appeal will be dismissed.

Appeal dismissed.